IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SURBEY,

          Plaintiff,

v.

PACIFIC GAS & ELECTRIC COMPANY, et al.,

          Defendants.

NO. C13-2402 TEH

ORDER APPOINTING SPECIAL MASTER FOR DISCOVERY

It is evident from the parties' most recent joint case management statement, as well as their prior discovery disputes, that counsel in this case will require more supervision than usual during the discovery process. As another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Counsel's apparent failure to comply with these general principles convinces the Court that a discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Starr Babcock, Esq., is appointed as Special Master to supervise and preside over all discovery in this case.

   a. If necessary, the Special Master may attend all or portions of any remaining depositions, rule on all objections made by counsel during the depositions, rule on any instructions by counsel for the deponent not to answer a question, and order the deponent to respond to questions.

   b. The Special Master shall immediately notify this Court if, during a deposition in which he is in attendance, any counsel fails to comply or cooperate fully with any of the Special Master's rulings.

2. The Special Master's hourly fee shall be $500.00. The Special Master shall, in his discretion, allocate and assess the payment of his fees among the parties, including allocation of all of his fees to one party should he determine that the party has acted in bad faith. The parties shall pay the Special Master's fees within ten calendar days of assessment, unless otherwise excused by the Special Master or this Court.

3. At his earliest convenience, the Special Master shall contact the parties to discuss the execution of his duties in connection with this order. If a dispute arises prior to the Special Master's initial contact, the parties may reach the Special Master by telephone at (415) 757-7030.

**IT IS SO ORDERED.**

Dated:  02/06/14

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2